(No. 3702— ▮▮▮▮▮▮▮

ELBERT CLARK LEMLEY, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1942.*

JOHN W. FRIBLEY, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

313

Fisher, J.

This claim was filed April 4, 1942. It is for benefits under the Workmen's Compensation Act claimed by claimant for total temporary disability and for permanent partial loss of the use of the index finger of his left hand, and for medical and doctor bills as a result thereof. The claim is based on injuries alleged to have arisen out of and during the course of claimant's employment as a guard at the State penal institution near Vandalia.

The record of the case consists of the complaint, stipulation of the facts, and brief and argument filed on behalf of respondent.

As the accident for which this claim is filed occurred on February 4, 1942 and notice of the same was given to respondent on the date it occurred and claim was filed on April 4, 1942, the provisions of Section 24 of the Workmen's Compensation Act have been complied with, and this court has jurisdiction thereof.

The claimant's injury arose during his normal working hours and while he was on duty. It further appears from the record that the accident occurred while claimant was performing said duties, and the injury occurred when the heavy wooden studded door of dormitory "E" of the said institution closed on claimant's left hand, crushing, breaking and lacerating the index finger of his left hand. From the record, this court is of the opinion that claimant's accident arose out of and in the course of his employment.

The report of Dr. D. M. Littlejohn who examined claimant, which report is made part of the record of this case, shows that claimant has lost 25% of the flexion and 50% of the extension in the index finger of his left hand as a result of the accident, from which report it would appear to be a reasonable conclusion that claimant has lost 75% of the use of said index finger.

Under Subsection (e) of Section (8) of the Workmen's Compensation Act claimant would be entitled to receive 50% of his average weekly wage for 40 weeks for the total loss of an index finger, and, as claimant has lost 75% of the use of his index finger, under Subsection (E 17) of Section (8) he is entitled to receive 75% of the amount he would receive for the total loss thereof. Claimant's salary for the year prior to the accident was $1,425.00 annually, or a weekly wage of $27.40. Fifty per cent of $27.40 equals $13.70, times 40 equals $548.00. Claimant would be entitled to 75% of this amount, or $411.00, to which sum under Subsection (1) of Section (8) must be added 10%, or a total of $452.10.

Claimant was temporarily totally disabled for a period of 8 weeks. Under Subsection (b) of Section (8) he would be entitled to $13.70 per week for this period, or $109.60, which amount is increased 10% under Subsection (1) of Section (8), making a total of $120.56 for temporary total disability.

It also appears that claimant has expended the sum of $51.00 for medical attention necessitated by the accident, for which sum he should be reimbursed.

Claimant is, therefore, entitled to the following sums:

| | |
|---|---:|
| For partial permanent loss of the use of the index finger of his left hand | $452.10 |
| For temporary total disability | 120.56 |
| For medical expenses | 51.00 |
| Or a total of | $623.66 |

Award is therefore entered in favor of claimant for the said sum of $623.66, all of which is accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30th, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from the General Revenue Fund in the manner provided for in such Act.